IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FILED**
JUL 17 2006
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

UNITED STATES OF AMERICA,

Plaintiff,

vs.

CRIMINAL ACTION NO. 1:06CR14

CLEVELAND BILLER,

Defendant.

## ORDER/OPINION

On July 3, 2006, Defendant, Cleveland J. Biller, through counsel Robert Alan Jones and Hunter Simmons, moved this Court to "Require the Government to Abide by the West Virginia Standards of Professional Conduct I(B)(2) and I(B)(12)." [Docket Entry 43]. The United States filed its Response to the Motion on July 5, 2006 [Docket Entry 44].

Defendant in his motion contends that the Government has provided some 14,094 pages of documents as well as three audio recordings as of the date of the Motion. Defendant further represents that much of this evidence is irrelevant in the instant case, while the last 417 pages appear to be extremely relevant Brady material that did not arrive until June 30, 2006, eight days after the deadline set by this Court for pretrial motions (June 22, 2006).

Defendant further argues that his counsel has not been in a position to file necessary pretrial motions as to "the mountain of discovery that continues as of this last date to flow into defendant counsel's office." He further argues that "this Brady material" would not have been provided at all had Defendant not filed a motion regarding attorney-client information.

The Government counters that the material recently provided to the defense is "certainly not Brady Material [or] Giglio material, and none appears to be covered by Rule 16 of the Federal Rule

of Criminal Procedure as required discovery. It was, however, provided by the United Stated "in its continuing effort to deal fairly with the defendant's counsel."

The government's case agent testified that she had only recently found much of the information at IRS offices, and also testified that she discovered other agents involved in related cases were producing much more evidence than she had. She therefore felt it would be more fair to produce to Defendant all the evidence the Government was producing to other defendants.

The Code of West Virginia State Court Rules Standards of Professional Conduct provide, in pertinent part:

## I. LAWYERS' DUTIES TO OTHER COUNSEL AND THE COURTS

**B. Conduct as to Discovery and Other Legal Matters.**

. . . .

2. A lawyer should not use any form of discovery or discovery scheduling as a means of harassment or to increase litigation expenses . . . .

12. . . . . Documents should not be produced in a manner designed to hide or obscure the existence of particular documents.

Upon review of Defendant's Motion and the United States' Response, and upon hearing testimony during the hearing on July 3, 2006, the Court recognizes that much discovery was indeed provided to counsel for Defendant late— even up to and including the date of the hearing. The Court also understands that much of the approximately 14,000 documents provided are not directly relevant to Defendant Biller's particular case. The Court further understands that the amount and timing of the Government's production may have made Defendant's counsel's job more difficult, and may have hindered his ability to file pretrial motions timely in accord with the Court's Scheduling Order.

Defendant's sole requested remedy for the untimely and large production, however, is "that

2

this motion be granted and that this Honorable Court require the government to abide by the spirit of the discovery rules of the Federal Rules of Criminal Procedure including specifically adhering to the West Virginia Standards of Conduct 1(b)(2) and 1(B)(12).

While the Court is concerned regarding the Government's untimely disclosure of an apparently large volume of documents, there is no evidence that the Government's actions in providing this discovery violate the West Virginia Standards of Professional Conduct. There is no evidence that the evidence was "produced in a manner designed to hide or obscure the existence of particular documents." I.B(12).

There is further no evidence that the Government's untimely production was done "as a means of harassment or to increase litigation expenses."

The Court therefore finds the Government did not violate I(B)(2) and I(B)(12) of the West Virginia Standards of Professional Conduct. Defendant's Motion [Docket Entry 43] is therefore DENIED.

The Clerk of the Court is directed to mail an authenticated copy of this Order to counsel of record.

Respectfully submitted this *17* day of July, 2006.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE