IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**FILED**

AUG 2 2006

UNITED STATES OF AMERICA,

**U.S. DISTRICT COURT**
**CLARKSBURG, WV 26301**

Plaintiff,

v.                                      CIVIL ACTION NO. 1:06CR14
                                              (Judge Keeley)

CLEVELAND BILLER,

Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO STRIKE COUNT FIVE OF THE INDICTMENT

On June 12, 2006, Defendant Cleveland Biller ("Biller") filed his "Motion to Strike Count Five of the Indictment" (dkt no. 28), asserting that Count Five: (1) is multiplicitous of Counts One, Two, Three and Four of the Indictment; (2) alleges behavior that is not criminal in nature; (3) arises from letters that are constitutionally protected under the First Amendment; and (4) alleges "overt acts" which in no way imply "corrupt or forcible interference" unless they violate the vague language of 26 U.S.C. §7212(a). On June 14, 2006, the Court referred the pending motion to strike Count Five of the Indictment to Magistrate Judge John S. Kaull to conduct a hearing and recommend a disposition for the motion.

On July 17, 2006, Magistrate Judge Kaull issued his Report and Recommendation, recommending that Biller's motion to strike be denied. He concluded that the offense charged in Count Five is not "multiplicitous" because the offense falls under 26 U.S.C. §7212

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### REGARDING DEFENDANT'S MOTION TO STRIKE
### COUNT FIVE OF THE INDICTMENT

and requires proof of facts different than those required to prove the offenses charged in Counts One through Four under 26 U.S.C. §7206(1). Furthermore, the magistrate judge found that the overt acts alleged in Count Five, even if not independently illegal, could violate §7212. He also concluded that the "substantive evil" which Congress sought to prevent in §7212 was "the impeding or obstructing" of an IRS agent's performance of his duties, and, therefore, found that the alleged overt acts that consist of both "speech" and "nonspeech" need not be stricken from the Indictment due to First Amendment protections. Finally, the magistrate judge found that §7212 is not unconstitutionally vague as applied to Biller because federal obstruction statutes are construed broadly.

Magistrate Judge Kaull advised the parties that they should file any objections to his recommendations no later than 10 days after receiving service of his Report and Recommendation. He also warned the parties that a failure to do so would result in the waiver of their appellate rights with respect to the motion to strike.[1] Nevertheless, neither of the parties filed any objections.

Accordingly, the Court **ADOPTS** Magistrate Judge Kaull's

---

[1] Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## REGARDING DEFENDANT'S MOTION TO STRIKE
## COUNT FIVE OF THE INDICTMENT

recommendation and **DENIES** the defendant's motion to strike (dkt no. 28).

It is **SO ORDERED**.

     The Clerk is directed to send a certified copy of this Order to counsel of record and all appropriate government agencies.

DATED: August _____ *2* _____, 2006.


                             _Irene M. Keeley_
                    IRENE M. KEELEY
                    UNITED STATES DISTRICT JUDGE