IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

FILED

SEP 13 2006

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                        CIVIL ACTION NO. 1:06CR14
                              (Judge Keeley)

**CLEVELAND BILLER,**

    **Defendant.**

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SUPPRESS

Pending before the Court is Defendant Cleveland Biller's ("Biller") "Motion to Suppress All Evidence Provided By Or Flowing From The Law Offices of Gianola, Barnum & Wigal, L.C., and Specifically, James A. Gianola, Christopher A. Barnum, and Gary A. Wigal Individually" filed on June 21, 2006. The Court referred this matter to United States Magistrate Judge John S. Kaull for the disposition of pre-trial motions.

On July 10 and 11, 2006, Magistrate Judge Kaull conducted a pre-trial motions hearing at which he heard testimony from numerous witnesses with respect to Biller's motion to suppress. Those witnesses included but were not limited to several special agents from the Internal Revenue Service ("IRS"), as well as Gary A. Wigal ("Wigal"), Christopher A. Barnum ("Barnum"), James "Rocky" Gianola ("Gianola") and Biller himself. Following the hearing, the

Magistrate Judge also permitted Biller's counsel to file a supplemental brief in support of his arguments.

On July 18, 2006, Magistrate Judge Kaull recommended that the Court deny Biller's motion to suppress. On July 31, 2006, Biller filed objections to the Magistrate Judge's recommendations. The Government also filed two responses to the Magistrate Judge's Report and Recommendation on July 25, 2006 and August 4, 2006. For the following reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Biller's motion to suppress.

## I. RELEVANT BACKGROUND

### A. Indictment

Counts One through Four of the Indictment charge Biller with willfully submitting false tax returns for tax years 1999, 2000, 2001, and 2002 in violation of 26 U.S.C. §7206(1). Count Five charges Biller with obstructing and impeding the due administration of Title 26 of the United States Code by committing various overt acts in such a way that he concealed unreported income in the approximate amount of $1,111,494.

U.S. v. BILLER                                                  1:06CR14

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
## RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SUPPRESS

**B. Report and Recommendation**

In his Report and Recommendation, Magistrate Judge Kaull concluded that Gianola and his law firm, Gianola, Barnum & Wigal L.C., became Biller's counsel with respect to the Aegis Business Trust System at issue in this criminal matter as well as other unrelated matters. Therefore, he found that an attorney-client relationship existed between Biller and Gianola's law firm with respect to the Aegis business trusts. He further found that Biller had not waived his attorney-client privilege so as to permit or authorize Gianola to disclose confidential information to IRS special agents, to provide documentation pertaining to Biller from the files of Gianola's law firm or to provide sworn testimony concerning Biller before the grand jury. Furthermore, he concluded that the Government failed to make a prima facie showing of some violation that was ongoing or about to be committed, and, therefore, concluded that the crime fraud exception to the attorney-client privilege was inapplicable in this case.

Because Gianola had informed Government's agents that he was not Biller's attorney with respect to the Aegis business trusts, Magistrate Judge Kaull further concluded that the Government agents had no reason to further inquire of Gianola concerning his attorney-client relationship with Biller. Moreover, he found that

3

there was no evidence to establish that the IRS agents knew or should have known that Gianola was in fact Biller's counsel with respect to the Aegis business trusts. Therefore, the Magistrate Judge concluded that there was no wrongful conduct on the part of the Government that required punishment by suppression. Moreover, he stated that the attorney-client privilege was not a constitutional privilege which would require suppression of any evidence arguably derived from the Government's inquiries of Gianola.

## C. Parties' Objections

On July 25, 2006, the Government filed its first response to the Magistrate Judge's Report & Recommendation. That response did not object to the Magistrate Judge's ultimate recommendation to deny Biller's motion to suppress, but did address three specific findings the Magistrate Judge made in order to protect the Government's right to contest them at trial. First, with respect to the Magistrate Judge's finding that the Government had not made a prima facie showing of the crime fraud exception, the Government stated that it did not attempt to make such a showing at the pre-trial motions hearing, but asserted that, should it become relevant, it would demonstrate that Biller used Gianola's firm as a vehicle through which to hide his income.

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND**
**RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SUPPRESS**

Next, the Government disagreed with the Magistrate Judge's finding that Biller had asked his attorney to research the lawfulness of common law business trusts because he did not want to have any problems with the IRS. It stated that only Biller testified that he had received tax advice from Gianola's law firm and that his testimony was contradicted by the testimony of the members of the firm.[1] Finally, the Government agreed with the Magistrate Judge's finding that Biller had failed to identify the specific evidence obtained from Gianola that he wanted the Court to suppress that was not already known to the Government through other sources or a matter of public record.

On July 31, 2006, Biller objected only to the Magistrate Judge's ultimate recommendation that, because no grounds existed to

---

[1] With respect to the Government's objection to this factual finding by the Magistrate Judge, a review of the testimony presented at the hearing on the motion to suppress demonstrates that Biller testified that Gianola's law firm provided him with tax advice while the members of Gianola's firm denied providing tax advice to Biller. However, the Magistrate Judge's finding appears to be couched in the terms of research concerning the lawfulness of the business trusts and Biller's representations to the firm that he did not want to have any problems with the IRS.
    In that respect, Wigal testified that he conducted research and advised Biller that the business trusts were lawful when Biller had concerns over a Wall Street Journal article regarding the use of credit cards in off-shore accounts. Gianola also testified that he conducted research regarding the lawfulness of common law business trusts per the request of Booker Walton, but that he could not specifically recall whether Biller asked him for legal advice regarding the legality of the Aegis trusts. Gianola further testified that he remembered Biller telling him that he did not want to get into trouble with the IRS, but that he could not recall the substance of those conversations. Therefore, the Magistrate Judge had testimony on which to base his factual finding. However, this specific finding is not determinative of the issue presently before the Court.

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND**
**RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SUPPRESS**

support suppression of the information provided by Gianola, Biller's motion to suppress should be denied. Biller asserted that, in his Recommendation, the Magistrate Judge failed to address the fact that the prosecutor had obtained confidential materials in violation of the attorney-client privilege and now has been put on notice that Gianola is a less than credible witness. He argued that the Government should not be given the opportunity to vouch for Gianola's credibility by calling him as a witness at trial. Therefore, Biller asserted that the Court should use its inherent supervisory power to bar any future use of evidence obtained from Gianola by the Government.

On August 4, 2006, the Government filed its second response to the Magistrate Judge's Report and Recommendation to address the issues raised by Biller's objections. First, it stated that it does not believe that Gianola testified falsely before the grand jury or at the suppression hearing and that credibility is an issue for the jury. Next, it asserted that Biller should not be permitted to use suppression as a shield to allow him to testify in his case-in-chief concerning his attorney-client relationship with Gianola, but preclude the Government from using Gianola to rebut that testimony. Finally, it again stated that Biller had identified no evidence obtained by the Government from Gianola that had not already been

6

obtained through other sources or was not already in the public record.

### III. ANALYSIS

The parties do not dispute that Gianola's law firm represented Biller with respect to the Aegis business trusts at issue in this criminal matter, and that Biller did not waive his attorney-client privilege with respect to his confidential communications with Gianola's law firm. The parties disagree only as to whether Gianola's breach of the attorney-client privilege mandates suppression of the information obtained by the Government from him.

Although Biller argued before the Magistrate Judge that Government agents had a duty to determine the scope of his attorney-client relationship with Gianola or to seek a waiver of his attorney-client privilege, he did not specifically object to the Magistrate Judge's finding that the Government agents had no reason to investigate his attorney-client relationship after Gianola indicated he did not represent Biller with respect to the Aegis Trusts. Rather, Biller asserted that, even if the Government's initial conduct may have been mere negligence, it ultimately became clear that Gianola had researched and provided advice concerning Aegis business trusts to Biller. Biller further asserted that the testimony at the pre-motions hearing established

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SUPPRESS**

that "Gianola is less than credible to the point of lying on several occasions." Therefore, he argues that it would be "outrageous" for the Government to "vouch" for Gianola's credibility[2] by calling him as a witness at trial.

Biller further argued that the Government's use of the information obtained from Gianola at trial would rise to the level of prosecutorial misconduct and, therefore, the Court should use its supervisory power and suppress such evidence. To establish prosecutorial misconduct, Biller must show: (1) the prosecutor's conduct of calling Gianola as a Government witness would be improper, and (2) this conduct would prejudice his substantial rights so as to deny him a fair trial. United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005). Here, offering Gianola as a witness at trial would not be improper. Based on its review of the record, this Court cannot conclude that the Government intends to present evidence through Gianola at trial that it knows to be false.

During his interviews with IRS agents, as well as at the pre-trial motions hearing, Gianola testified that Booker Walton

---

[2] Biller correctly states that a prosecutor may not vouch for the testimony of a government witness. U.S. v. Sanchez, 118 F.3d 192, 198 (4th Cir. 1997). However, vouching only "occurs when the prosecutor indicates a personal belief in the credibility or honesty of a witness." Id. Therefore, the Government would not be vouching for Gianola's credibility simply by calling him as a witness while only knowing that his testimony is contradictory to the defendant's testimony.

8

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND**
**RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SUPPRESS**

("Walton") of the Aegis Company had asked him to research whether business trusts were legal in West Virginia, and that he had determined that business trusts were legal and that their main purpose was asset protection. He denied giving Biller or Walton any advice concerning the legality of off-shore trusts or the Aegis trusts. He further denied providing any tax advice to Biller. Gianola testified that his representation of Biller with respect to the Aegis trusts was limited to a straw party conveyance of Biller's assets to the trusts.

Although Biller argued that Gianola's testimony is absolutely unreliable, the Government asserted that it does not believe that Gianola offered false testimony in the grand jury or at the pretrial motions hearing. Moreover, despite baldly alleging that Gianola had offered false testimony on several occasions, Biller conceded that he is not accusing Gianola of perjury because he cannot pinpoint a specific false material statement made by Gianola. Significantly, after hearing testimony from Gianola and Biller at the pre-trial motions hearing, Magistrate Judge Kaull stated that he could not conclude that Gianola did not have "an honest, albeit mistaken, belief that he was not Biller's attorney" with respect to the Aegis trusts, despite concluding that Gianola was in fact Biller's attorney for the Aegis trusts. The Magistrate

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SUPPRESS**

Judge also did not find that Gianola committed perjury by offering false testimony concerning his relationship with Biller. Accordingly, there is no evidence establishing that Gianola's testimony, in fact, is false. Therefore, the Court cannot conclude that the Government intends to knowingly offer false testimony at trial.

Although not specifically objected to by Biller, the Court concurs with the Magistrate Judge's findings that Government agents reasonably relied on Gianola's representation that he was not Biller's attorney with respect to the Aegis trusts and that there is no evidence to establish that the agents knew or should have known that Gianola was Biller's attorney regarding the Aegis Trusts. Therefore, the Government did not engage in wrongful conduct in obtaining the information from Gianola and would not engage in wrongful conduct by using such information at trial. Accordingly, Biller has failed to establish prosecutorial misconduct on the part of the Government in this case that would warrant suppression of the evidence obtained from Gianola.

Interestingly, in response to the Government's allegation that he had failed to identify the specific evidence that it had obtained from Gianola that was not already known, Biller stated that, without the evidence from Gianola's law firm, the Government

would not know that Gianola claims to have not given him legal advice regarding the Aegis trusts. Biller specifically objects to Gianola's testimony that he did not provide him with any tax advice because it contradicts his testimony that Gianola did provide tax advice.

A fundamental premise of our criminal trial system is that "the jury is the lie detector." U.S. v. Scheffer, 523 U.S. 303, 313 (1998)(quoting U.S. v. Barnard, 490 F.2d 907 (9th Cir. 1973)). Credibility determinations, the weighing of evidence and the drawing of inferences from the facts are sole functions of the jury. Id. Therefore, resolving conflicting testimony falls within the province of the fact finder. Id.; see also U.S. Burgos, 94 F.3d 849, 868 (4th Cir. 1996). The current dispute between the parties is purely a credibility issue which must be resolved by the finder of fact.

## IV. CONCLUSION

Accordingly, the Court **ADOPTS** Magistrate Judge Kaull's recommendation and **DENIES** the defendant's motion to suppress (dkt no. 34).

It is **SO ORDERED**.

U.S. v. BILLER                                                  1:06CR14

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SUPPRESS**

The Clerk is directed to send a certified copy of this Order to counsel of record, the defendant and all appropriate government agencies.

DATED: September  12  , 2006.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE